**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | |
|---|---|
| BROADCAST MUSIC, INC.; ) | |
| SONY/ATV SONGS LLC d/b/a ) | |
| SONY/ATV TREE PUBLISHING; ) | |
| UNIVERSAL-MILLHOUSE MUSIC, a ) | |
| DIVISION OF MAGNA SOUND CORP.; ) | |
| SCREEN GEMS-EMI MUSIC, INC.; ) | |
| DALE MORRIS MUSIC; ) | |
| UNIVERSAL-SONGS OF POLYGRAM ) | |
| INTERNATIONAL, INC., ) | |
|          ) | |
|          Plaintiffs,   ) | CIVIL ACTION NO.: |
|          ) | |
|      v.   ) | |
|          ) | |
| NEATH ABBEY CORPORATION, LTD. ) | **COMPLAINT** |
| d/b/a WILD WEST - LUBBOCK   ) | |
| and JOHN F. MCCORMICK and   ) | |
| BOBBY MEADOWS, each        ) | |
| individually,             ) | |
|          ) | |
|          Defendants.   ) | |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1.   This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Sony/ATV Songs LLC is a limited liability company d/b/a Sony/ATV Tree Publishing.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Universal-Millhouse Music is a division of Magna Sound Corp., which in turn is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Screen Gems-EMI Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Dale Morris Music is a sole proprietorship owned by Dale Cecil Morris.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Universal-Songs of Polygram International, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Defendant Neath Abbey Corporation Ltd. is a limited liability company organized and existing under the laws of the State of Texas, which operates, maintains and controls an establishment known as Wild West - Lubbock, located at 2216 IH 27, Lubbock, Texas 79404, in this district (the "Establishment"). Neath Abbey Corporation, Ltd.'s Registered Agent is Rick Holstein and may be served at 809 South Port, Corpus Christi, Texas 78405.

11. In connection with the operation of this business, Defendant Neath Abbey Corporation Ltd. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

12. Defendant Neath Abbey Corporation Ltd. has a direct financial interest in the Establishment.

13. Defendant John F. McCormick is an officer of Defendant Neath Abbey Corporation Ltd. with primary responsibility for the operation and management of that limited liability company and the Establishment. Defendant John McCormick may be served at 12260 Nacodoches Road #102, San Antonio, Texas 78217.

14. Defendant John F. McCormick has the right and ability to supervise the activities of Defendant Neath Abbey Corporation Ltd. and a direct financial interest in that limited liability company and the Establishment.

15. Defendant Bobby G. Meadows is a Director of Defendant Neath Abbey Corporation Ltd. with primary responsibility for the

operation and management of that limited liability company and the Establishment.  Defendant Bobby Meadows may be served at 12260 Nacodoches Road #102, San Antonio, Texas 78217.

16. Defendant Bobby G. Meadows has the right and ability to supervise the activities of Defendant Neath Abbey Corporation Ltd. and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

17. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 16.

18. Plaintiffs allege four (4) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

19. Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the four (4) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical

composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

20. For each of the musical compositions identified on the Schedule, the person(s) named on Line 3 was the creator of the work (all references to Lines are lines on the Schedule).

21. For each work, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22. For each work, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

23. For each work, on the date(s) listed on Line 7, Defendants performed and/or caused the musical composition identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants have committed copyright infringement.

24. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) That Plaintiffs have such other and further relief as is just and equitable.

Dated: August 23, 2012

    Respectfully submitted,

    McCleskey, Harriger, Brazill,
    & Graf, L.L.P.
    P.O. Box 6170
    Lubbock, Texas 79493-6170
    (806) 796-7323
    (806) 796-7365 [fax]


By: */s/Ann Phillips Haag*
    ANN PHILLIPS HAAG
    State Bar No.: 24027063


    Attorney for Plaintiffs

7